AIDA HEYLIGER, ETC., Plaintiff and Appellant, v. BERNABÉ FELICIANO, Defendant and Appellee.

No. 7056. Argued November 20, 1936.—Decided May 25, 1937.

*Enrique Báez García* for appellant. *R. Rivera Zayas* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Aida Heyliger brought suit against Bernabé Feliciano on the ground that he had maliciously injured the udders of some of her cows and thus prevented them from being used for a dairy of which she was the proprietor. For our purposes, it may be said that the defendant, although he did not take the stand, relied on the failure of the plaintiff to prove her case.

The District Court of Mayagüez reviewed the evidence and said that it did not believe the testimony of Telesforo Desjardines, the only witness who gave testimony tending to prove the responsibility of the defendant. The testimony of the other witnesses of the plaintiff was unimportant. The court rendered judgment against her.

On appeal, the plaintiff, while recognizing the fact that this court will not ordinarily go against the finding of the court below as to the veracity of any particular witness, still insists that the court ought to have believed the testimony of Telesforo Desjardines and also places some reliance on the fact that the defendant, who was present in court, did not

take the witness stand. The court, we find, was justified in not believing the testimony for the plaintiff.

The presumption on which appellant relies is thus stated in the Law of Evidence (Code of Civ. Proc., sec. 464, 1933 ed.):

"All other presumptions are satisfactory, if uncontradicted. They are denominated disputable presumptions and may be controverted by other evidence. The following are of that kind:

" *  *  *  *  *  *  *

"5.—That evidence wilfully suppressed would be adverse if produced."

Although there are cases which support the view that the failure of a defendant to take the stand does not carry with it any inference against him, still giving force to the above provision of our law of evidence, the trial judge in the present case weighed the plaintiff's evidence and was entitled to render judgment against her in spite of the defendant's silence. The point is discussed in *Fajardo et al.* v. *Tió*, 17 P.R.R. 230 and in Wigmore on Evidence, vol. 1, sec. 290, p. 597, note 12.

The defendant raised the question of the right of the plaintiff, a married woman, to bring this suit in her sole name, but given the conclusion at which we have arrived, we find it unnecessary to consider whether the plaintiff had a separate cause of action or whether the words "assisted by her husband" would give this suit a ganancial character.

The judgment appealed from should be affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.